# UNTIED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 22-00277 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYDARRIEN T. PORTER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

On May 20, 2025, Defendant Tydarrien T. Porter ("Porter") filed a letter motion (Record Document 61) requesting clarification of his sentence, specifically his "time credits." He asks the Court to "help [him] get an understanding [as] to why [he] was not granted [his] time credits." Id.

The Court has no authority to grant Porter the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). In this case, Porter has made no showing that he has exhausted his administrative remedies through the BOP.

Accordingly,

**IT IS ORDERED** that Porter's letter motion requesting clarification of his sentence/time credits (Record Document 61) be and is **DENIED WITHOUT PREJUDICE** to his right to re-file after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, on this the 21st day of May, 2025.

_____
United States District Judge